806

properties of the kind here involved, including provisions setting up the mode and manner of ascertaining just compensation, as well as an appropriate method for taking possession pending a final hearing, it is proper to assume that ample provisions will be made in all respects necessary to fully preserve the constitutional right of public utilities when their properties may be desired by municipalities.

■ There are other questions raised, but, as we have sufficiently shown that the trial court erred in sustaining a general demurrer, it is not necessary to discuss them here. We remark, however, that it seems to be well settled that the Legislature may authorize a municipality to take an existing plant of a public utility in order that same may be owned and operated by the public itself rather than by a private corporation. Nichols on Eminent Domain, vol. 2, pp. 978 and 979.

The judgments of the Court of Civil Appeals and of the trial court are reversed, and the cause is remanded.

Opinion adopted by the Supreme Court.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

CHRISTIAN, Judge.

The offense is burglary; the punishment, confinement in the penitentiary for five years.

Appellant pleaded guilty.

Otis Conatser testified that his private residence was burglarized on the night of the 6th of December, 1935, and some pecans taken therefrom. The state introduced appellant's written confession in which he stated that he and Ross Pack had entered the house by opening a door, and had stolen 120 pounds of pecans.

No bills of exception are brought forward.

The judgment is affirmed.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the court.

---

BARRON v. STATE.

No. 18579.

Court of Criminal Appeals of Texas.

Nov. 18, 1936.

Chandler & Chandler, of Stephenville, for appellant.

---

SMITH v. STATE.

No. 18598.

Court of Criminal Appeals of Texas.

Nov. 18, 1936.

